UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VILLAGE EAST, INC. | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Case No. 20-31144-jal |
| | ) | |

**EMERGENCY MOTION FOR TURNOVER**
\* \* \*   \* \* \*   \* \* \*

The Debtor, Village East, Inc. ("Village East" or "Debtor"), by proposed counsel, hereby requests entry of an Order compelling turnover of the Debtor's PPP loan proceeds. In support of this Motion, the Debtor states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue for these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2. On April 9, 2020 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to 11 U.S.C. §§ 1107 and 1108, Debtor continues to operate its business and manage its property as a debtor in possession.

3. No trustee, examiner, or committee of any kind has been appointed in this chapter 11 case.

**Background**

4. The Debtor is a nonprofit senior living community that has been located in the East End of Louisville for over twenty years. It offers assisted living apartments, patio homes, and independent living apartments. The senior living community was originally started in 1994 by

Middletown Christian Village, Inc., a nonprofit formed by Middletown Christian Church, Inc. In 2011, the nonprofit became Village East, Inc. and Middletown Christian Church, Inc. was no longer associated with the day-to-day operations of the community.

5. As a senior living community, the Debtor's population is particularly vulnerable to the threat of the COVID-19 pandemic. Debtor's response to the pandemic has required, *inter alia*, unanticipated expenditures for paid sick leave of its employees, increased overtime for those employees able to substitute for co-workers, and increased supply costs to maintain residential services. As a nonprofit concern, the Debtor's financial stability is particularly vulnerable to unanticipated expenditures and global crises.

6. On April 5, 2020, Village East submitted its Paycheck Protection Program Borrower Application Form to Citizens Union Bank ("CUB") to obtain emergency funding under the Paycheck Protection Program ("PPP") established by the Coronavirus Aid, Relief, and Economic Security (CARES) Act (Pub. Law No. 116-136) (the "CARES Act"). A true and correct copy of Village East's Borrower Application Form is attached hereto as **Exhibit 1**. On its Borrower Application Form, Village East answered "no" to the inquiry of whether it was presently involved in any bankruptcy. See Exhibit 1, Question 1.

7. As a component of the PPP program requirements, CUB was required to submit a completed Lender Application Form to the SBA prior to approval of the loan guaranty request. The official Lender Application Form is attached hereto as **Exhibit 2**. The Lender Application, at section I, requires certification that the prospective borrower has is not presently involved in any bankruptcy.

8. Village East met all requirements for PPP loan eligibility and timely provided all supporting documentation to CUB at its request and direction. Between April 5 and April 8, CUB approved Village East for a PPP loan.

9. On April 8, 2020, Grant Simpson, First Vice President of CUB, communicated the PPP loan approval via email to Village East:

> "The good news is that your loans have been approved by the bank and input into the government E-trans system. At this point the bank has done all that it can do and we are waiting to hear back from the SBA."

10. Although official guidance concerning PPP loans was fluid due to the emergencies at hand during the program's implementation, there has not been any information or published rules suggesting that an intervening bankruptcy filing would disqualify a PPP borrower from continued participation in the program or jeopardize loan forgiveness. A true and correct copy of the Interim Final Rule for PPP published in the Federal Register (13 C.F.R. Part 120), effective April 15, 2020, is attached hereto as **Exhibit 3**.

11. Following commencement of this bankruptcy case, CUB unilaterally canceled Village East's PPP loan and refused to disburse the approved PPP loan proceeds from the SBA that the Debtor intended to use for payroll costs, payments of interest on mortgage obligations, and utilities. As justification for its loan cancelation and retention of PPP loan proceeds, CUB cited Debtor's bankruptcy filing as a material change in circumstances despite the Debtor's continued operations as normal, prospective retention of its workforce to maintain eligibility for PPP loan forgiveness, and the ongoing state of emergency.

### Relief Requested

12. By this Emergency Motion, Debtor seeks entry of an Order compelling CUB to distribute the proceeds of the Debtor's approved PPP loan. Immediate access to the Debtor's PPP

loan will ease the economic burden of the COVID-19 pandemic on the Debtor's continued operations.

13.     Prior to the Petition Date, the Debtor pursued the PPP loan to obtain vital economic support as provided for by Congress in the coronavirus relief bill. As a nonprofit concern serving elderly citizens, Village East is precisely the target borrower for which PPP loans were designed.

14.     The Debtor did not request cancellation of its PPP loan following the approval of its application by CUB. Moreover, the Debtor was not informed by CUB or any other source that the SBA refused to issue its PPP loan. CUB has refused to disburse the loan proceeds despite the loan's approval, clear legislative intent to facilitate these types of loans, availability of PPP loan forgiveness without exposure to CUB, and the dire threat imposed by the COVID-19 pandemic.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order compelling CUB to turnover the PPP loan proceeds that it has refused to disburse to Debtor.

Respectfully submitted,

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird, LLP**
710 West Main Street, 4th Floor
Louisville, Kentucky 40202
Telephone: 502.416.1630
Facsimile: 502.540.8282
Email: cbird@kaplanjohnsonlaw.com
Email: tyeager@kaplanjohnsonlaw.com
*Proposed Counsel for Debtor*

## CERTIFICATE OF SERVICE

In accordance with Local Rule 9036-1, I certify that on April 20, 2020, I sent a copy of the foregoing *Emergency Motion for Turnover* to the United States Trustee and all parties who have requested notice in the above-captioned case by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) first-class U.S. Mail if the Notice of Electronic Filing from this Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service.

                                           */s/ Tyler R. Yeager*
                                           CHARITY S. BIRD
                                           TYLER R. YEAGER